IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES EARVIN SANDERS, § | | |
| Petitioner, § | | |
| § | | |
| v. § | No. 3:19-cv-00730-S (BT) | |
| § | | |
| JIMMY SMITH, et al., § | | |
| Respondents. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

James Earvin Sanders, a Texas prisoner, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. For the following reasons, the Court should dismiss the petition as barred by limitations, and deny any pending motions.

I.

By his petition, Sanders challenges the following six judgments of conviction entered after he pleaded guilty on January 20, 2011, in the 195th Judicial District Court, Dallas County, Texas: (1) aggravated kidnapping in cause number F-0616275; (2) aggravated robbery in cause number F-0689628; (3) aggravated robbery in cause number F-0614285; (4) aggravated robbery in cause number F-0626017; (5) aggravated robbery in cause number F-0689478; and (6) aggravated robbery in cause number F-0689426. He received a "stacked" sentence of 40 years' imprisonment. (ECF No. 3 at 2.)

Sanders did not appeal any of the judgments. But on September 1, 2017, he filed state habeas applications challenging all six of his convictions. On February

27, 2019, the Texas Court of Criminal Appeals denied relief on each application based on the findings of the trial court without a hearing.

Then, on March 18, 2019, Sanders filed his § 2254 petition, in which he argues:[1]

1. His attorney provided ineffective assistance of counsel by failing to visit him or send correspondence;

2. His attorney provided ineffective assistance of counsel by failing to use an insanity defense;

3. The Judge engaged in misconduct and intimidation;

4. His attorney provided ineffective assistance of counsel by failing to follow his express instructions;

5. His attorney provided ineffective assistance of counsel during plea bargaining by misrepresenting the terms of the state's offer;

6. His attorney provided ineffective assistance of counsel by creating conflicts of interest;

7. His attorney provided ineffective assistance of counsel based on the totality of the circumstances;

8. The prosecutor committed prosecutorial misconduct by suppressing exculpatory evidence; and

9. The prosecutor committed prosecutorial misconduct by engaging in vindictive behavior.

(ECF No. 3 at 6-7, 11-20; ECF No. 4 at 34-55.)

---

[1] Under the prison "mailbox rule," a prisoner's pleading is deemed to be filed on the date that he submitted his pleading to prison authorities to be mailed. *Houston v. Lack*, 487 U.S. 266, 276 (1988). Here, Sanders's petition is signed and dated March 18, 2019. (ECF No. 3 at 10). The Court presumes it was delivered to prison authorities on that date.

On July 8, 2019, Respondent filed an answer arguing that Sanders's petition is barred by the statute of limitations. Respondent further argues that the filing of Sanders's state habeas applications did not toll the limitations period; 28 U.S.C. § 2244(d)(1)(B) and (D) are inapplicable to this case; and Sanders is not entitled to equitable tolling.

II.

**A.    Statute of Limitations**

Sanders filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs his petition. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

The state court entered judgment in each of Sanders' cases on January 20, 2011. He did not appeal any of the judgments. Thus, each judgment became final on February 19, 2011.[2] *See* Tex. R. App. Proc. 26.2 (providing 30 days from the date sentence is imposed to file a direct appeal); *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Sanders then had one year, until February 19, 2012, to file his federal petition. 28 U.S.C. § 2244(d)(1)(A). Sanders did not file his petition in this Court until March 18, 2019. His petition is therefore untimely.

Sanders filed state habeas applications, which generally toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that a state habeas application tolls the limitations period under § 2244(d)(2)). In this case, however, Sanders's filing of state habeas applications did not toll the limitations period because he did not file them until on September 1, 2017—more than five

---

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

[2] Sanders's deadline fell on Saturday, February 19, 2011; Monday, February 21, 2011 was Presidents' Day, a federal holiday. Therefore, under Fed. R. Civ. P. 6(a), his deadline for filing the petition was extended to Tuesday, February 22, 2011—the next day that was not a Saturday, Sunday, or legal holiday.

years after the limitations period had expired. *See Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013); *see also Johnson v. Davis*, 2019 WL 2647320, at *3 (S.D. Tex. June 27, 2019) ("Neither of Johnson's state habeas applications tolls the federal habeas limitations period under § 2244(d)(2) because both were filed after the limitations period expired.") (citing *Scott*, 227 F.3d at 263).

Sanders argues that under § 2244(d)(1)(D) the limitations period should begin to run on September 15, 2011, when he received discovery materials from the attorney who represented him in his federal case. (ECF No. 3 at 9; ECF No. 4 at 17). According to Sanders, the one-year period of limitations should run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *see also Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998). However, Sanders has failed to demonstrate that information in the discovery materials from his federal case constitutes a "factual predicate" for the claims attacking his state cases. The factual predicate of his ineffective assistance of counsel claims, judicial misconduct claim, and prosecutorial misconduct claims were known to him at the time he entered his guilty pleas on January 20, 2011, at the latest. Moreover, Sanders underwent a competency examination to ensure he could stand trial, and, to the extent this information could support any of his claims, the documentation was in his state records. Finally, to the extent Sanders is now attempting to attack his federal conviction, this § 2254 petition is not the proper vehicle. *See Davila v. Chandler*, 689 F. App'x 384, 385 (5th Cir. 2017) ("Davila's claims amount to a

collateral attack on a federal conviction and sentence . . . and the proper procedural vehicle for asserting these claims is a [28 U.S.C.] § 2255 motion.") (citing *Robinson v. United States*, 812 F.3d 476, 476-77 (5th Cir. 2016)). In sum, Sanders's argument that the one-year statute of limitations did not begin to run until September 15, 2011 lacks merit.

Relying on § 2244(d)(1)(B), Sanders also argues that the limitations period should begin to run only after the impediment to his filing was lifted. (ECF No. 4 at 19-20) (citing 28 U.S.C. § 2244(d)(1)(B)). He claims: he had to wait four years for his state cases to be adjudicated; he tried diligently to get his papers returned to him in 2012; and he did not get his federal documents until September 15, 2011. (ECF No. 3 at 9; ECF No. 4 at 18-19.) Sanders also claims that after he got his federal documents, due to a U.S. Marshal hold, he was forced to release the documents. (ECF No. 3 at 17.) Under § 2244(d)(1)(B), the one-year period of limitation shall run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). A petitioner must show: "(1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Id.* Sanders argues that he was precluded from getting his federal case documents. However, he fails to demonstrate that any State action prevented him from filing his federal habeas petition attacking his six state convictions.

6

## B. Equitable Tolling

Sanders argues that his federal lawyer did not provide him with his discovery until September 15, 2011. (ECF No. 3 at 9.) Sanders claims that he acted with "due diligence" by requesting his discovery, but he was denied the necessary documents. (ECF No. 3 at 20.)

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling") (quoting *Davis*, 158 F.3d at 811). The Fifth Circuit has held that "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999), *abrogated on other grounds by Causey v. Cain*, 450 F.3d 601, 605-06 (5th Cir. 2006). A petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Here, Sanders fails to meet his burden of demonstrating that he is entitled to equitable tolling. *See id.* Although he argues that his federal attorney withheld documents that he needed to file his federal habeas petition, Sanders has not shown this impacted his ability to file his federal petition. His federal attorney presumably had documents relevant to his federal case, not the documents

7

pertinent to the six state cases at issue in this petition. *See Hatch v. Quarterman*, 305 F. App'x 195, 196 (5th Cir. 2008) (per curiam) (finding that the petitioner's failure to obtain records from his attorney did not warrant equitable tolling where the absence of the records did not prevent a timely filing); *see also Jurado v. Best*, 337 F.3d 638, 644 (6th Cir. 2003) ("[T]he AEDPA does not convey a right to an extended delay while a habeas petitioner gathers every possible scrap of evidence that might support his claim.").

Further, for equitable tolling to apply, the applicant must diligently pursue habeas corpus relief. *See Coleman,* 184 F.3d at 402. In this case, Sanders did not file his state habeas applications until more than five years after his state convictions became final. He claims that he acted with "due diligence," but he has not demonstrated that he diligently pursued habeas corpus relief. Sanders is therefore not entitled to equitable tolling.

### C.  Actual Innocence

The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). A petitioner who claims actual innocence, however, "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id*. Sanders does not expressly contend that he is actually innocent of any one—much less all—of his state court convictions. But even if he alleged actual

8

innocence, he pleaded guilty in all six cases, and thus likely foreclosed the "gateway" to overcome the limitations bar. *See Thomas v. Stephens*, 2014 WL 929031, at *3 (N.D. Tex. Mar. 7, 2014); *see also Jackson v. United States*, 2013 WL 5295701 (E.D. Wis. Sept. 18, 2013); *Sidener v. United States*, 2013 WL 4041375 (C.D. Ill. Aug. 8, 2013); *United States v. Cunningham*, 2013 WL 3899335 (S.D. Tex. July 27, 2013). *But see Green v. Williams*, 2013 WL 4458971 (D. Nev. Aug. 16, 2013).

### III.

The Court should DISMISS the petition for a writ of habeas corpus with prejudice as barred by the one-year limitations period. *See* 28 U.S.C. § 2244(d). Any pending motions should be DENIED.

Signed January 19, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO OBJECT</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).